RICHARD OTTOW, Office of the Commissioner of Credit Unions
You have asked the following question: "[I]f a credit union invests in a service corporation, can this corporation own or operate an insurance agency which deals with the general public? Or, is it intended that the agency owned by the service corporation must deal only, or primarily, with the credit union members?"
Your reference is to section 186.11(4), Stats., which authorizes Wisconsin credit unions to invest in credit union service corporations "organized primarily to provide [specified] goods and services," including insurance agency services, "to credit unions and credit union organizations." In my opinion, nothing in section 186.11(4) limits the powers of a credit union service corporation itself or (in your words) "an insurance agency" "owned" by the corporation. The powers of a credit union service corporation (and any subsidiary corporation organized to sell insurance) are governed by the general statutes regarding corporations and the articles of incorporation and bylaws of the entity. Thus, section 186.11(4) does not prohibit credit union service corporations or subsidiary insurance agencies from dealing with members of the public as long as this activity is authorized by general law and the articles and bylaws of the corporation.
Under the provisions of section 186.11(4), however, a credit union can invest only in a credit union service corporation which is organized "primarily" to provide the statutorily specified goods and services to credit union members through credit unions and *Page 97 
credit union organizations.[1] As a practical matter (because it is credit unions which organize credit union service corporations) the limitation on credit union investment authority operates to limit the authority of the service organization to the provision of services "primarily" to credit unions and credit union members. In my opinion, you should advise credit unions that they can offer insurance services to their members, pursuant to section 186.11(4), by organizing a credit union service corporation, the articles of incorporation and the business plan of which provide that the primary purpose of the organization is to serve credit unions and their members.
As the word "primarily" is not defined in the statute, you should consider promulgating a definition by administrative rule. The Wisconsin Supreme Court, in another context "has construed `primarily' to mean `fundamentally,' `basically' or `essentially.'" West Bend Education Ass'n v. WERC, 121 Wis.2d 1,8-9, 357 N.W.2d 534 (1984). This definition is consistent with the ordinary dictionary definitions which would be applied by the courts in construing the statute.
In considering your opinion request, you have asked me to consider section 186.012(4), which authorizes the commissioner, by rule, with the approval of the credit union review board, to exercise the powers of the federally-chartered credit union, unless the commissioner is expressly restricted by state statute from acting with respect to a specific power, right or privilege. In my opinion, investment in a credit union service corporation organized primarily to provide financial services, including the *Page 98 
sale of insurance, to credit union members through credit unions and credit union organizations, but which also deals with the general public, is consistent with section 186.012(4)'s general grant of the powers of the federally-chartered credit union.
Section 107(7)(I) and (5)(D) of the Federal Credit Union Act (12 U.S.C. § 1757(7)(I) and (5)(D) (1980)) authorizes federal credit unions to invest in and make loans to "credit union service organizations." Under these provisions, federally-chartered credit unions can invest only in credit union service organizations "providing services which are associated with the routine operations of credit unions" and may lend only to credit union service organizations "established primarily to serve the needs of [their] member credit unions, and whose business relates to the daily operations of the credit unions they serve."
The rules of the National Credit Union Administration permit federal credit unions to invest in and/or loan to credit union service organizations "that provide" several enumerated financial services, including an "agen[cy] for sale of insurance,"12 C.F.R. § 701.27(d)(5)(ii) (1988), but the organization must "primarily serve credit unions and/or the membership of affiliated credit unions." Id. at § 701.27(d)(4). Thus, federal law parallels Wisconsin law insofar as credit unions are authorized to invest only in credit union service organizations (corporations, in Wisconsin) organized primarily to provide services to credit unions and their members. By implication, the federal rules allow service to the general public as long as credit unions and their members are the primary beneficiaries. Thus, section 186.012(4) is additional authority for you, through the promulgation of a rule, to allow credit unions to invest in credit union service corporations which serve the general public, notwithstanding that they were organized primarily to serve credit union members.[2] *Page 99 
You have also asked me to consider section 186.115, which authorizes the commissioner to promulgate rules permitting credit unions, subject to any regulatory approval required by law, to "undertake any activity, exercise any power or offer any financially related product or service in this state that any other provider of financial products or services may undertake, exercise or provide or that the commissioner finds to be financially related." In my opinion, this statute is not germane to the question you have asked because neither state banks nor state savings and loans offer insurance services in the manner proposed for credit unions.[3]
DJH:ESM
[1] You assume, and I agree, that the intended beneficiaries of the goods and services mentioned in the statute are credit union members. Although the grant of investment authority is limited to corporations organized primarily to serve credit unions and credit union organizations, it is clear from the nature of the specified services that the indirect beneficiaries are credit union members. Services such as retirement counseling, estate planning, individual retirement accounts, etc., are personal financial services.
[2] As already noted, section 186.012(4) requires the commissioner, with the approval of the credit union review board, to authorize Wisconsin credit unions to exercise the power of federally-chartered credit unions. To the extent of the authority granted in section 186.11(4), the commissioners action is not required; the authority flows directly from the statute.
[3] Banks do sell insurance directly. sec. 221.04(9), stats.; Banking Letter #38, November 28, 1983 (amended December 17, 1987). You have not asked whether credit unions may also do so. *Page 100